IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JEFFREY POPE § § § | |
| VS. § § | CIVIL ACTION NO._____ |
| UNITED PROPERTY & CASUALTY § INSURANCE COMPANY § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant herein, removes to this Court the state court action pending in the 149th Judicial District Court of Brazoria County, Texas, invoking the Court's diversity jurisdiction, on the grounds explained below.

### I.  BACKGROUND

1. On August 19, 2019, Plaintiff JEFFREY POPE ("POPE" or "Plaintiff") filed the present action in the 149th Judicial District Court of Brazoria County, Texas, bearing Cause No. 104283-CV (the "State Court Action") against Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant). *See Plaintiff' Original Petition* attached hereto in **Exhibit B**.

2. UPC, the sole Defendant in this action, was served notice of this lawsuit on September 24, 2019. *Id.* Pursuant to 28 U.S.C. § 1446(b)(3) this *Notice of Removal* has been timely filed by Defendant within thirty (30) days following receipt of service of process of the citation, *i.e.*, when the case first became removable.

1

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated herein under **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Defendant will give written notice of the removal to Plaintiffs through their attorneys of record, and to the clerk of the 149th Judicial District Court of Brazoria County, Texas.

## II. JURISDICTION

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANT**

6. Plaintiff JEFFREY POPE is domiciled in Brazoria County, Texas. In his *Original Petition*, Plaintiff alleges that he is an individual residing in Brazoria County, Texas. *See Plaintiff's Original Petition* in **Exhibit B** at p.1. Pursuant to 28 U.S.C. § 1332(a), Plaintiffs are citizens of the State of Texas.

7. Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principle place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Florida.

8. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

9. *Plaintiff's Original Petition* states that Plaintiff seeks damages "within the jurisdictional limits of [the state district court]," without specifying the amount as required by Rule

47(c) of the Texas Rules of Civil Procedure. *Id.* at p.2.  To clarify the amount in controversy, Defendant sent Plaintiff's counsel a letter on October 17, 2019, requesting Plaintiff and his counsel to execute an attached proposed binding stipulation that would commit Plaintiff and his counsel to an agreement not to accept any judgment in excess of $75,000.00, including attorneys' fees, but exclusive of interest and costs.  *See* Letter to *Plaintiff's Counsel Regarding Binding Stipulation*, attached and incorporated herein as **Exhibit C.**  To date, however, Plaintiff has failed to respond, and has failed to provide Defendant an executed copy of said binding stipulation.

10. "Where diversity of citizenship exists, the amount in controversy requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 or, alternatively, (2) the defendant sets forth 'summary judgment type evidence'' of facts in controversy that support a finding of the requisite amount."[1] *Real T LLC v. State Farm Fire and Cas. Co.*, No. 07-8754, at *1 (E.D. La. Nov. 18, 2008) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990)).  Because Plaintiff failed to specify the amount as required by Rule 47(c) of the Texas Rules of Civil Procedure, and refused to clarify it by a response to Defendant's proposed Binding Stipulation, the amount in controversy is likely to exceed the $75,000.00 threshold for diversity jurisdiction.

11. Plaintiff failed to specify the amount of damages sought in his petition as required by Rule 47(c) of the Texas Rules of Civil Procedure.  Further, Plaintiff has failed to agree to a binding stipulation that would clarify the amount in controversy, or even respond to Defendant's letter and proposal.   These facts  indicate that Plaintiff is seeking damages in excess of $75,000.00. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III. VENUE

12.     Venue for removal is proper in this district and division because this district embraces the 149th Judicial District Court of Brazoria County, Texas, the forum in which the removed action was pending.

### IV. EXHIBIT INDEX

**Exhibit A**   Index of Matters Being Filed;

**Exhibit B**   All executed process in this case, including copies of: Citation for United Property & Casualty Insurance Company, Returned Service of Process on Defendant United Property & Casualty Insurance Company; Plaintiff' Original Petition, Plaintiff's First Set of Interrogatories; Plaintiff's First Set of Requests for Production; Plaintiff's First Set of Requests for Admissions; Defendant United Property & Casualty Insurance Company's Special Exception and Original Answer to Plaintiff's Original Petition, Proposed Order, and Brazoria County District Clerk's Docket Sheet.

**Exhibit C**   Letter to Plaintiff's Counsel Regarding Binding Stipulation;

**Exhibit D**   List of all Counsel of Record:

**Exhibit E**   Civil Cover Sheet

### V. CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

## VI. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court, and that this Court issue all necessary orders.   Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY further requests any additional relief to which it may be justly entitled.

DATE: October 23, 2019.

        Respectfully submitted,

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    *Attorney-In-Charge*
    Texas State Bar No. 24056346
    USDC-SD Texas No. 1196616
    Gene M. Baldonado
    Texas State Bar No. 24071065
    USDC-SD Texas No.1287996
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    gene.baldonado@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT
    UNITED PROPERTY & CASUALTY
    INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on October 23, 2019, via e-filing addressed to:

Noah M. Wexler                                   *Via eService*
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN, LLP
6009 Memorial Dr.
Houston, Texas 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com

ATTORNEYS FOR PLAINTIFF
JEFFREY POPE

                                            */s/ Sarah R. Smith*
                                            Sarah R. Smith